UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY STOVALL, JR.                              CIVIL ACTION

VERSUS                                            NO: 11-83

CALIFORNIA CASUALTY                               SECTION: "A" (3)
INDEMNITY EXCHANGE

# ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Anthony Stovall, Jr. ("Plaintiff"). Defendant, California Casualty Indemnity Exchange ("Defendant"), opposes the motion. The motion, set for hearing on February 16, 2011, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

## I. BACKGROUND

The instant suit concerns recovery for damages incurred as a result of an automobile accident. On September 5, 2008, Plaintiff was involved in a car accident in Georgia and sustained injuries to his right shoulder. (Pl.'s Mem. Supp. Mot. to Remand 2.) On May 12, 2009, Plaintiff underwent surgery to repair the labrum and infraspinatus tendons in his injured shoulder and attended physical therapy through August of 2009. (*Id.* at 2-3.) Plaintiff settled with the third party tortfeasor and the third party tortfeasor's insurer for $50,000, the total bodily injury liability limit. (*Id.* at 2.) Subsequently, on May 20, 2010, Plaintiff initiated the instant suit in Louisiana state court against Defendant, his underinsured motorist insurance carrier, for damages incurred as a result of the automobile accident. (*Id.*) Plaintiff also asserted bad faith claims against Defendant for arbitrarily and capriciously refusing to pay his claim. (Def.'s Mem. Opp'n to Mot. to Remand 2.) In his state

court petition, Plaintiff specifically stated that the amount in controversy, exclusive of interest and costs, was less than $75,000. (*Id.*)

Although Plaintiff was discharged in August of 2009, he returned to his physician, Dr. Felix Savoie in September of 2010 after experiencing pain in his right shoulder. (*Id.*) Plaintiff then had an MRI taken, which revealed that Plaintiff had torn the supraspinatus tendon, a distinct injury from Plaintiff's prior surgery. (*Id.* at 4.) Dr. Savoie recommended that Plaintiff undergo surgery to repair the tear. (Pl.'s Mem. Supp. Mot. to Remand 3.) On October 19, 2010, Plaintiff was deposed by Defendant and revealed that he intended to have the surgery recommended by Dr. Savoie. (Stovall, Dep. 47:18-48:23, Oct. 17, 2010.) When counsel for Defendant asked Plaintiff if the two tears were related, Plaintiff stated that defense counsel would have to ask his doctor. (*Id.* at 48:2-4.) Following Plaintiff's deposition, Dr. Savoie was deposed on December 16, 2010. (Def.'s Mem. Opp'n to Mot. to Remand 5.) At his deposition, Dr. Savoie could not rule out that the second injury might be related to the first injury. (*See* Savoie, Dep. 70:2-9; 79:20-80:5, Dec. 16, 2010.) Based on this information, Defendant inferred that Plaintiff sought to recover for both shoulder surgeries, thus raising the amount in controversy above $75,000. (Def.'s Mem. Opp'n to Mot. to Remand 7.) As a result, Defendant removed the case from state court to federal court on January 14, 2011. (*Id.*)

Plaintiff filed the instant motion to remand, arguing that Defendant's notice of removal is untimely and that Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. (Pl.'s Mem. Supp. Mot. to Remand 1.) Plaintiff also states that the case should be remanded back to state court because Defendant manifested an intent to litigate in state court. (*Id.*) In addition, Plaintiff avers that Defendant removed the action to federal court in order to avoid an adverse ruling by the state court, which mandated a bench trial. (*Id.* at 2.)

Defendant opposes the motion, arguing that removal was timely and that the amount in controversy has been met given that Plaintiff's second surgery and additional damages will exceed the amount in controversy. (Def.'s Mem. Opp'n to Mot. to Remand 1.) Defendant also states that it did not waive its right to remove by attending a hearing on a motion for leave to amend its answer. (*Id.* at 1-2.) Defendant further contends that it never sought a trial by jury in state court and does not intend to request a trial by jury in federal court. (*Id.* at 2.)

## II. DISCUSSION

### *A. Federal Subject Matter Jurisdiction*

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, No. 91-3106, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--(1) citizens of different States." 28 U.S.C.A. § 1332(a)(1) (2006). In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking the federal

court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

In the instant case, Defendant argues that the Court has federal subject matter jurisdiction under § 1332. Although the parties do not dispute that diversity of citizenship exists, they dispute whether the amount in controversy requirement has been satisfied. Under *Luckett*, there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. In fact, Plaintiff's petition specifically stated that the amount in controversy, exclusive of interest and costs, was less than $75,000. Moreover, Plaintiff's petition offers no specifics whatsoever that would allow the Court to estimate a quantum for Plaintiff's claim.

As a result, under *Luckett*, Defendant must set forth facts in controversy to support a finding that Plaintiff's damages exceed $75,000 by a preponderance of the evidence. Defendant produces invoices of Plaintiff's medical expenses for the first shoulder surgery, which total $33,308.72. (Def.'s Mem. Opp'n to Mot. to Remand 10.) Based on Dr. Savoie's deposition testimony, Defendant contends that Plaintiff's second shoulder surgery will cost about the same as the first surgery, thus bringing Plaintiff's total medical expenses to about $66,6167.44. (*Id.* at 11.) Defendant further argues that Plaintiff's medical expenses when combined with Plaintiff's general damages and bad faith claims will exceed the amount in controversy. (*Id.* at 10-11.) Defendant also states that Plaintiff conceded that the amount in controversy was satisfied in his Reply Memorandum. (Def.'s

4

Supplemental Mem. Opp'n to Mot. to Remand 1.)

The Court has reviewed Defendant's submissions, but the Court is not persuaded that those submissions establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Although Plaintiff inadvertently conceded that the amount in controversy was greater than $75,000 when arguing that removal was untimely, the Court finds that this concession by Plaintiff is insufficient to confer subject matter jurisdiction upon the Court when other supporting documentation does not show that the amount in controversy has been satisfied. Even assuming Plaintiff's two shoulder injuries are related, Defendant has not presented sufficient evidence of the total costs for the second surgery. Although Defendant cites Dr. Savoie's estimate for the second surgery costs, Dr. Savoie explicitly prefaced his estimate by stating that he had "no idea" what the second surgery would cost. (Savoie Dep. 77:24-78:11.) Dr. Savoie further stated that he did not know how the surgery costs were calculated. (*Id.* at 78:10-11). Even factoring in Plaintiff's general damages, penalties, and attorney's fees, the Court cannot conclude that the amount in controversy exceeds $75,000. A claim for penalties and attorney's fees does not ipso facto render a case removable to federal court.

Furthermore, Defendant cites the fact that Plaintiff did not execute a non-binding stipulation regarding damages in support of its contention that this Court has jurisdiction. This contention suffers from two fatal weaknesses. First, jurisdiction in federal court cannot be established by default. Second, at this juncture, Plaintiff does not bear the burden of negating jurisdiction. To the contrary, Defendant removed the case and bears the jurisdictional burden, which it has failed to meet.

### *B. Attorney's Fees and Costs*

In addition, Plaintiff has requested reimbursement of attorney's fees and costs incurred in conjunction with filing the motion to remand. 28 U.S.C. § 1447(c) vests the district court with the discretion to render such an award. *See* 28 U.S.C. § 1447(c) (2006) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."); *see also Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000) (finding that "the clear language of the statute makes such an award discretionary"). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital, Corp.*, 546 U.S. 132, 141 (2005). Although Defendant failed to carry its burden in demonstrating that federal subject matter jurisdiction exists, it did not lack an objectively reasonable basis for removal. Accordingly, the Court declines to award Plaintiff attorney's fees and costs.

### III. **CONCLUSION**

Accordingly, and for the foregoing reasons;

**IT IS HEREBY ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by Plaintiff, Anthony Stovall, Jr. **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's request for attorney's fees and costs is **DENIED**.

This 23rd day of February 2011.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE